OPINION
In this consolidated case, appellant, Elaine Liston, appeals the judgment of the Portage County Court of Common Pleas which granted the Portage County Department of Human Services ("DHS") permanent custody of her three children, ages twelve, fourteen, and sixteen as of the date of the judgment.
The DHS originally took custody of the children on December 14, 1995 because of a domestic violence incident involving appellant and her ex-husband, Michael Liston, whom she divorced in 1993, and allegations that the Listons had dealt and abused drugs in their home. The children were initially placed with appellant's parents. Pursuant to a case plan developed by the DHS, the children were returned to appellant on February 9, 1996. The case plan required that appellant attend drug counseling and parenting classes, and provide suitable housing for the children.
On October 10, 1996, the DHS again took custody of the children and, this time, placed them in foster care. The DHS took custody because of a shoplifting charge that was filed against appellant and her children, a child endangering charge filed against her, and a drug trafficking charge filed against her. The drug trafficking charge was the result of an undercover agent from the Portage County Drug Task Force ("task force") who, on three occasions, went to appellant's house to buy crack cocaine. On each occasion, appellant drove the agent to a place where he could buy crack cocaine. On at least one of the occasions, appellant brought her twelve-year-old daughter along.
In lieu of being prosecuted for the drug trafficking charge, appellant was allowed to become an informant for the task force. Appellant's duty with the task force was to go into crack houses and buy crack so that the task force could arrest the drug dealers. On April 22, 1997, the DHS temporarily suspended her visitation privileges because a drug dealer had discovered that appellant was an informant and made a threat against her life. At that time, appellant's work with the task force was terminated. Once the threat to appellant's life was deemed over, on July 8, 1997, the DHS allowed appellant to resume visitation and appellant worked a few more cases for the task force, for which she was paid.
In October of 1997, appellant was again charged with drug trafficking. On November 13, 1997, the DHS filed a motion for permanent custody because appellant failed to comply with her case plan. A hearing was held on that motion on February 27, 1998. At the hearing, the following facts were revealed: appellant had failed to complete her drug counseling and her parenting classes; she continually missed appointments and tested positive on numerous occasions for crack cocaine and cannabis; she admitted that she was addicted to drugs, specifically crack cocaine, and that she was trying to beat that addiction; she testified that she had not taken drugs since November of 1997; she had pleaded guilty to drug trafficking and was awaiting sentencing on the charge; while awaiting sentencing for the drug trafficking conviction, she was arrested for shoplifting; at the time of the hearing, she lived in Warren and worked forty hours a week at a Perkin's restaurant; and, none of appellant's relatives were able to care for the children. On March 27, 1998, appellant was sentenced to probation for the drug trafficking conviction.
On March 30, 1998, the trial court granted the DHS permanent custody. The court determined that: appellant had failed to remedy the problems causing the placement of her children, despite the fact that the DHS had offered psychological, substance abuse, and parental counseling; she had completed none of the case plan goals; she led a lifestyle that prevented her from providing a safe environment for her children; she had been unable to control her addiction; the children had strong interaction among themselves and a strong bond with their foster parents; they had a need for a legally secure placement that could not be achieved without permanent custody; and, it was in the children's best interest that the parents be divested of all parental rights.
Appellant appeals from this judgment and raises the following assignments of error for our review:
 "[1.] Whether the trial court committed an abuse of discretion by granting Portage Count[y]'s motion for permanent custody where the county failed to prove by clear and convincing evidence that the appellant would not be able to be reunified with her children and that the Portage County Department of Human Services had made a good faith effort to reunify the children with their mother?
 "[2.] Whether the trial court committed an abuse of discretion by granting Portage County's motion for permanent custody where a finding of the best interests of the children was not supported by clear and convincing evidence?"
In her first assignment of error, appellant asserts that the trial court abused its discretion by granting permanent custody because the DHS failed to show, under R.C. 2151.414(E)(1), that she had failed continuously and repeatedly, for a period of at least six months, to substantially remedy the problem that caused the placement of the children outside of her home. She argues that: she has not continuously and repeatedly failed to refrain from using drugs and has substantially remedied her drug problem and that her drug problem was not continuous at any time; that the initial placement was due to domestic violence problems between her and her husband, who has now moved out of the state; and, that the DHS did not make a good faith effort to reunite the family.
Under R.C. 2151.414(D), in determining whether granting permanent custody is in the best interest of the children, the court must consider: the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; the wishes of the child, as expressed directly by the child or through the child's guardian adlitem, with due regard for the maturity of the child; the custodial history of the child; and, the child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency. The court considered all factors set forth in R.C.2151.414(D), and substantial evidence, including the report of the guardian ad litem and testimony from experts and case workers, was presented at the hearing supporting the court's determination that DHS should be granted permanent custody.
Furthermore, appellant failed, repeatedly, to remedy her drug problem, which was one of the reasons that the children were taken into the custody of DHS, on December 14, 1995. The evidence is clear and convincing proof that appellant did not substantially remedy her drug problem. The case plan developed on February 9, 1996 required that appellant attend drug counseling to help remedy her drug problem. Over a nearly two year period, appellant did not continuously attend drug counseling, was arrested for drug trafficking on two occasions, and repeatedly failed drug tests. The DHS had attempted to reunite the family since it developed its first case plan, but was unable to do so because appellant had repeatedly failed to attend parenting classes and drug counseling, had been arrested for drug related offenses, and tested positive for drugs. She has, in the past, attempted to overcome her addiction, but has always relapsed. While, at the time of the hearing, she testified that she intended to remain free from drugs, she admitted that she would always be addicted and could relapse at any time. Appellant's first assignment of error is without merit.
In her second assignment of error, appellant asserts that the trial court abused its discretion by granting custody when the DHS did not prove by clear and convincing evidence that it was in the children's best interest. She argues that the trial court failed to consider, pursuant to R.C. 2151.414(D), the probability that the children would be adopted. In her brief, appellant listed five factors that the court was to consider. Appellant was citing a version of R.C. 2151.414 that is no longer in effect; nothing appears in the current version of R.C. 2151.414(D) that would indicate the trial court must consider the probability that the child would be adopted before granting permanent custody. As with appellant's first assignment of error, clear and convincing evidence was presented to support the trial court's granting of permanent custody. Appellant's second assignment of error is without merit.
For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.
JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J. concur.